## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

## LINCOLN.

### OCTOBER TERM,

### 1821.

---

THE PROPRIÉTORS OF THE KENNEBEC PURCHASE
*v.*
KAVANAGH.

Where the possessor of a parcel of land entered into a written contract with the true proprietor, for the purchase of the land at a stipulated price, which he never paid; and afterwards conveyed all his right in the land to a third person, without notice of the contract with the proprietor; it was holden that the grantee, after six years, in an action by the proprietor, was entitled to the increased value of the premises by reason of the improvements made by *himself*, under *Stat.* 1807. *ch.* 75. [*Revised Statutes ch.* 47.] but not to the benefit of those made by his grantor.

AT the trial of this action, which was a *writ of entry,* the tenant shewed a deed of the premises from one *Grant* to *Richard Major* dated *April* 7, 1798, and a deed from *Major* conveying all his right in the premises to the tenant and *Mr. Cotterill* in mortgage, bearing date *September* 2, 1807, and failing to make out a title against the demandants whose original right to the land had been admitted, he requested that the increased value of the demanded premises by reason of the improvements thereon made, and the value of the same exclusive of such improvements, might be estimated by the jury, agreeably to *Stat.* 1807. *ch.* 75 commonly called the *betterment-law.* To this the demandants objected; and in support of the objection proved that *Major* on the 28th day of *April* 1803 made an agreement with them for the purchase of the premises at the price of 300 dollars, for which sum he gave them his note, and received from them an

obligation in writing, to convey the premises to him upon his payment of the note : but there was no proof that *Kavanagh* or *Cotterill* had any knowledge of this agreement of *Major* with the demandants.

Upon this evidence the Judge who presided at the trial of the cause, intending to reserve the question of law, directed a verdict for the demandants ; and instructed the jury to estimate the value of the land and of the improvements as prayed by the tenant, the parties agreeing that the verdict should be amended agreeably to the opinion of the whole Court upon the case as reported by the Judge.

*R. Williams*, for the demandants, observed that *every* person holding land for six years, was not to be considered as holding by possession, within the meaning of the *Stat.* 1807. *ch.* 75. and instanced the cases of lessee, mortgagor, &c. and to this point cited *Knox v. Hook*, 12 *Mass.* 329. In the case at bar, which falls within the principle of *Knox v. Hook*, *Major* not holding by possession, and so having no right to the benefits of the statute, could convey no such right to *Kavanagh*, who purchased only the estate of his grantor. This estate or interest consisted in a seisin in fact, and a right of pre-emption of the land at a price agreed. The tenant, by virtue of his deed, became the assignee of *Major*, of the contract of 1803, and entitled to an action in the name of the assignor, for his own benefit. If the grantor falsely affirmed his estate in the land to be greater than in truth it was, the remedy of the tenant is by suit against him. If not, then the tenant suffers no damage. The contract of 1803 amounts, in effect, to a waiver of the rights which *Major* might otherwise have had under the statute, and brings this case within that of *Shaw v. Bradstreet*, 13 *Mass.* 241.

*Bailey*, for the tenant, contended that there was a material diversity between the facts in the cases cited, and those in the present case, as there the tenants in possession had made their own contracts with the demandants, or were conusant of agreements made by others their privies in estate. But here was no notice to the tenant of the existence of any contract. He could know of no title on record, for there was none ; and of course he looked only to the possessory title of his grantor. For aught here appearing, he regarded the improvements made by

the tenant on the land as the principal security of his debt. He could not avail himself of the contract with *Major*, for it does not appear that he knew of it; and if he had, there is no process by which he could have obtained possession of the writing for the purpose of commencing his suit.

The equity of the case is also strongly with the tenant, who has expended his money in farther improvements, ignorant of any contract between his grantor and the demandants; rather than on the side of the same demandants, who, well knowing the nature and effect of the contract, have silently looked on for fourteen years, until the grantor being dead or insolvent, the remedy against him is become of no value.

MELLEN C. J. delivered the opinion of the Court as follows, at the succeeding term in *Cumberland*, the cause having been continued *nisi* for advisement.

From the report in this case it appears that the title of the premises demanded is in the plaintiffs; that *April* 7, 1798, *Abijah Grant* conveyed the same by deed to *Richard Major*, who on *September* 2, 1807 by deed of mortgage conveyed *all his right* in the premises to the tenant and *Matthew Cotterill*; and that possession has accompanied the deeds.—It does not appear who made the improvements on the land in question; but the value of them and of the land has been estimated by the jury in the manner prescribed by law. The question before us is, whether the tenant is entitled to the benefits of the law under which the estimate has been made, in as much as *Major*, on the 28th of *April* 1803 made an agreement with the demandants for the purchase of the premises, gave security for the purchase money, and received a written contract from them to convey to him the lands on payment of the price.—It does not appear that *Kavanagh* or *Cotterill* had any knowledge of this contract at the time of receiving the deed from *Major* or till the time of trial.

In the case of *Knox v. Hook*, 12 *Mass.* 329. it appeared that *Bagley* was the original settler, and contracted in writing with *Knox* for the purchase of the premises. *Hook* afterwards purchased of *Bagley* the improvements he had made.—Then *Knox* sold the land to *Thorndike* who contracted with *Hook* to convey the same to him on certain conditions which had not been per-

formed. The Court decided that *Hook* could not be considered as holding the premises " by virtue of a possession and improvement" within the meaning of the law; but under the contract he had made.

In the case of *Shaw v. Bradstreet,* 13 *Mass.* 241. *Cunningham* was the original settler. He made a contract with the demandant for the land at a certain price; and after this and about two years before the commencement of the action he conveyed the premises to *Bradstreet,* who was then informed by *Cunningham* of the contract he had made with *Shaw.* The Court decided that " *Cunningham,* by entering into the agreement waived " all claims by virtue of his possession and that *he* and *his* " *grantee* were bound by his agreement."—The case was considered as similar in principle to that of *Knox v. Hook.* The case at bar differs from *Shaw v. Bradstreet* in two particulars— *first,* in *that* case the tenant had *express notice* of the contract : in *this,* no such notice appears.—*Secondly,* in *that,* the tenant had been in possession only about two years after his purchase from *Cunningham :* in *this* the tenant has been in possession ever since *April* 1807.

We consider the two cases abovementioned as decided on correct principles and as having thus far settled the law upon this subject. *Major,* having *waived* all his rights under the statute, by the contract which he had made, could *convey* none to *Kavanagh* and *Cotterill ;* but still, as *Kavanagh* was ignorant of that contract, and had been in the possession and improvement of the premises for *more than six years* prior to the commencement of this action, he stands like any other person in that situation, and is entitled to an estimate of the improvements *he* has made upon the land *himself* since the conveyance from *Major.* But as it does not appear by the verdict or the report, *who* made the improvements ; or, if they were made partly by the *tenant,* and partly by *those under whom he claims,* in what proportion they were made; the verdict must be set aside and a new trial granted, that this fact may be ascertained and a verdict given in conformity to the principles above stated.

*New trial granted.*